UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Pinero | : | Declaration in Support of Petitioner's Application to Stay Habeas Proceedings |
| Plaintiff, | : | |
| vs. | : | |
| Greiner, | : | Docket No. 01-CV-09991 (DLC)(DFE) |
| Respondents. | : | |

County of Albany

State of New York

    I, Damond J. Carter, an attorney admitted to practice before the courts of the State of New York and the Eastern and Southern District Courts of New York, do hereby swear under the penalties of perjury to the best of his knowledge,

1.) By Decision and Order dated July 8, 2005, the Court decided that to the extent record counsel remained as counsel Mr. Pinero would receive no additional delays to perfect any unexhausted post conviction motions.

2.) Specifically, this Court determined that while record counsel sought to withdraw due to financial hardship caused by Mr. Pinero's contract with counsel, that counsel's conduct was no more than lack of due diligence.[1]

3.) In so deny Mr. Pinero additional time to perfect his motion to vacate which was before the Supreme Court of New York, Bronx County, this Court cited Rhines v. Weber, 125 S.Ct 1528 (2005). In Rhines the U.S. Supreme Court noted that a district court should grant a stay only where there is good cause for petitioner's failure to timely exhaust his claim and where such claim is not plainly meritless. Rhines, 125 S.Ct at 1535.

---

[1] In pertinent part this Court concluded that "I emphatically disagree that the 2003 contract "became void." An attorney is not allowed to void a contract on the ground that he later decides that he quoted too low a fee." Ct's July 8, 2005 Decision. The Court's foregoing determination is diametrically opposed to ABA Model Rule 1.16(b)(5), which provides that an attorney may withdraw from representation if the contractual agreement despite an adverse impact on the client's interest if continued representation will impose an unreasonable financial burden on the attorney. *Counsel does not persist to argue for withdrawal, but does argue that any delay in moving forward with Mr. Pinero's case was due to the undue financial hardship that counsel's contract with counsel imposed upon counsel, and ultimately counsel's work upon Mr. Pinero's case, and was not the result of lack of due diligence.*

4.) Additionally <u>Rhines</u> decided that even where a petitioner has presented good cause and his claim possesses merit, a district court should deny a request for a stay where petitioner's conduct evidences a deliberate attempt to prolong habeas proceedings or abusive conduct that would so result in such a delay. <u>Id.</u> However, <u>Rhines</u> that where there is no evidence on the part of petitioner to engage in intentionally dilatory litigation tactics, petitioner's stay should granted subject to standard limitations, i.e. to proceed back to federal court within thirty days.

5.) Petitioner's motion to vacate is currently before the Supreme Court of New York, Bronx County, and since January 31, 2006, all proceedings, i.e. filing of motion papers by all parties, have been completed. During such proceedings trial counsel submitted an affirmation in support of the State's case, wherein he conceded that, because Mr. Pinero was so adamant in professing his innocence, that he (trial counsel) merely told Mr. Pinero of the State's offer, but made no attempt to provide Mr. Pinero with any other advice concerning the State's offer, because in trial counsel's opinion, he thought it inappropriate to attempt to persuade a person professing their innocence to pled guilty. In <u>Cullen v. U.S.</u>, 194 F.3d 401 (2nd Cir. 1999), the Court of Appeals vehemently rejected as a reasonable basis trial counsel's explanation that he had not explained to petitioner whether he should pled guilty or not, because petitioner steadfastly maintained his innocence, as a basis not rendering trial counsel ineffective during plea negotiations. <u>Cullen</u>, 194 F.3d 401. The Court of Appeals decided that at the very least, trial counsel must advise his client whether or not he should plead guilty and the ramification of any such plea. <u>Id.</u> Here, Mr. Pinero's trial counsel explicitly stated that he did not so advise Mr. Pinero as to whether he should plead guilty, because he steadfastly maintained his innocence. Such conduct is materially indistinguishable from <u>Cullen</u>. Thus, Mr. Pinero's claim of ineffectiveness during plea negotiations does have merit.

6.) Furthermore, Mr. Pinero's claim of ineffectiveness is timely pursuant to <u>Johnson v. U.S.</u>, 125 S.Ct. 1571 (2005).

7.) Mr. Pinero's failure to present that claim in a more timely fashion to the trial court, was the undue to financial burdens the contract between record counsel and Mr. Pinero has imposed upon counsel. It may be that this Court does not like that, but the fact remains that this burden existed some time prior to this Court reviewed as an issue, it stands as a basis for withdrawal pursuant to the Model Code of Professional Responsibility, and was not the result of any behavior either on the part of counsel or Mr. Pinero to engage in intentional dilatory conduct so as to delay habeas proceedings, because during such time, irregardless of this burden counsel timely filed error coram nobis application and leave back to this Court as required. Therefore, this Court must grant Mr. Pinero's request to stay habeas proceedings until the Supreme Court has decided his motion to vacate and the Appellate Division, if necessary has also made a decision so that Petitioner may supplement his habeas petition.

8.) Additionally, the State will not be prejudiced by this Stay since any amendment would only supplement Petitioner's current petition and where this Court has yet to make a decision on Petitioner's habeas proceedings where final party submissions were received by this Court in November 28, 2005.

Dated: March 7, 2006

_____
Attorney for Petitioner
Damond J. Carter, Esq.